UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEORGE FORD,

    Plaintiff,

v.

UNKNOWN SMITH, et al.,

    Defendants.
_____/

Case No. 2:17-cv-164

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged retaliation by remaining Defendants Scott Smith, Derick Campbell, Jack Payment and Sharron Seames. Defendants filed a motion for summary judgment, arguing that Plaintiff's claims should be dismissed based on the affirmative defense that Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending summary judgment be denied. The matter is presently before the Court on both Defendants' and Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I. Defendants' Objections

Defendants first object to the R&R's recommendation that grievance URF-1602-0699-03B exhausted administrative remedies against Defendants Payment and Campbell. Defendants argue that the Magistrate Judge erred in relying on *Mattox* to find that Plaintiff properly exhausted his administrative remedies despite having named some but not all Defendants as required in Step I of the grievance process (Pl. Obj., ECF No. 51 at PageID.542). *See Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017). Defendants' objection states, "at Step II, Ford completely changes the scope and focus of his grievance, naming [Defendants] Payment and Campbell … for the first time. Accordingly, unlike the prisoner in *Mattox* which sufficiently identified but did not name a defendant at Step I, Ford's grievance in URF-1602-0699-03B did not function to exhaust administrative remedies against Payment or Campbell" (ECF No. 51 at PageID.542).

Citing *Mattox*, and liberally construing Plaintiff's complaint in the light most favorable to Plaintiff, the Magistrate Judge concluded that Plaintiff properly exhausted his retaliation claims against Defendants Payment and Campbell for allegedly issuing him false minor misconduct tickets in December of 2015 because even though Plaintiff failed to include the names of all those involved in his Step I grievance, the grievance was not rejected at any Step, but was addressed on its merits (ECF No. 46 at PageID.501). "'When prison officials waive enforcement of … procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit'" (ECF No. 46 at PageID.494, quoting *Reed-Bey v. Pramstaller,* 603 F.3d 322, 325 (6th Cir. 2010)). The Magistrate Judge addressed Plaintiff's procedural non-compliance raised by Defendants in their objection. While Defendants may distinguish the facts in this case from *Mattox*, that distinction does not undermine the Magistrate Judge's reasoning and conclusion. Defendants' first objection is denied.

Second, Defendants object to the R&R's recommendation that Ford was prevented from exhausting his administrative remedies. Defendants argue that the Magistrate Judge erred in finding a genuine issue of material fact as to whether Plaintiff attempted to exhaust an unnumbered grievance against Defendant Seames for which Plaintiff asserts he never received a response (Defs. Obj., ECF No. 51 at PageID.543). Defendants assert that Plaintiff "attaches some documents he claims support his claim" but that "[t]hese documents do not bear any markings indicating that they were ever properly submitted to or received at Step I" (*id.*). Defendants argue that the "record indicates that the grievance process was available to Ford and he failed to comply with the procedures …" (*id.*).

Defendants' objection essentially asks this Court to weigh Plaintiff's evidence in support of his efforts to file this unnumbered grievance and his contention that he was thwarted by prison officials. But as the Magistrate Judge stated in the R&R, a "court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion" (ECF No. 46 at PageID.491, citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Comp.,* 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005)).

The Magistrate Judge correctly placed the burden on Defendants as the movants for summary judgment on the affirmative defense of exhaustion (ECF No.46 at PageID.491-492). *See Jones v. Bock*, 549 U.S. 199, 212-16 (2007). Defendants' "'showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party'" (ECF No. 46 at PageID.492, quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted)). Setting aside questions of whether Plaintiff's evidence is ultimately persuasive, Defendants have not shown that the Magistrate Judge erred in finding that "a question of fact exists

3

as to whether Plaintiff was prohibited from exhausting his administrative remedies against Defendant Seames" (ECF No. 46 at PageID.503). Therefore, Defendants' second objection is denied.

Defendants also cursorily request in the alternative that "this Court should order a bench trial on this issue" in the event "the Court concludes there is a factual issue as to whether MDOC thwarted Ford's attempts to exhaust a grievance against Defendant Seames (ECF No. 51 at PageID.543). Such a request is not appropriately addressed on objection to the R&R. Any request for an evidentiary hearing on the exhaustion issue can be raised, if appropriate, in further proceedings before the Magistrate Judge.

II. Plaintiff's Objections

Plaintiff argues that the Magistrate Judge erred by allegedly mischaracterizing a misconduct report filed against Plaintiff by Defendants as being "minor" instead of "major" (Pl. Obj., ECF No. 54 at PageID.550-551; R&R, ECF No. 46 at PageID.487, 501, 503). Plaintiff provides no record cite to confirm this alleged error, and to the contrary, the record coincides with the Magistrate Judge's statements that the December 2015 misconducts were "minor" misconducts (*see* Compl., ECF No. 1 at PageID.12). Plaintiff's objection is therefore denied.

Plaintiff argues in his second and third objections that the Magistrate Judge erred in concluding that Plaintiff has not properly exhausted his administrative remedies against Defendants Payment, Campbell, and Seames concerning his Grievance URF-1605-1939-08G because Plaintiff named those Defendants for the first time in his Step III appeal of that grievance (Pl. Obj., ECF No. 54 at PageID.551; R&R, ECF No. 46 at PageID.500). Plaintiff asserts that he "clearly explained the conduct that Defendants Payment and Campbell took against him," that he asserted in Step II that he believed Smith, Payment and Campbell all acquiesced and played a

retaliatory role in taking adverse action against him, and that he "placed the URF Administration on notice in Step I and II … of Plaintiff's problem with Defendants Smith, Payment and Campbell" (ECF No. 54 at PageID.551-552).  However, Plaintiff does not address the Magistrate Judge's reasoning that by failing to identify those Defendants by name at Step I, Plaintiff failed to properly exhaust the claims.  Therefore, Plaintiff's second and third objections are denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objections (ECF No. 51) are DENIED and Plaintiff's Objections (ECF No. 54) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 46) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 19) is DENIED as recommended by the Magistrate Judge on the basis that "genuine issues of material fact remain as to whether Plaintiff exhausted his administrative remedies relating to (1) his retaliation claim against Defendants Campbell and Payment for issuing Plaintiff allegedly false minor misconduct reports in December of 2015, and (2) his retaliation claim against Defendant Seames for confiscating three legal affidavits on February 15, 2016.  In addition, it is undisputed that the retaliation claim against Defendant Smith for allegedly damaging Plaintiff's typewriter remains."

Dated:  September 12, 2019             /s/ Janet T. Neff
                                                            JANET T. NEFF
                                                            United States District Judge